J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

andy@coombspc.com
nicole@coombspc.com

Attorneys for Plaintiff
Symantec Corporation

ORIGINAL FILED

MAY 1 2 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-FILING

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Symantec Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>Luis Chang and Does 1 – 10, inclusive,<br><br>  Defendants. | Case No. C08 02431 EMC<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADEMARK INFRINGEMENT<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff Symantec Corporation ("Symantec") for its Complaint alleges as follows:

I. **Introduction**

1. Symantec brings this action as a result of Defendants' systematic, unauthorized copying and distribution of Symantec's software products through sales on the eBay online auction site. Defendants' actions, commonly known as software piracy, are willful and cause substantial damage to Symantec and to the software industry.

2. Symantec is a global leader in developing and providing security and performance enhancing software for computers. Its products and services protect computers and networks from malicious threats such as viruses, spoofing, intrusion by "hackers" and thieves, and unwanted interruptions such as spam. The security software industry is competitive, and Symantec undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Software piracy, including piracy on eBay, undermines Symantec's investment and creativity, and misleads and confuses consumers.

3. Defendants, through usernames including "expdepot" and, on information and belief, other aliases including "shopsmartwithbetterchoice", have made, offered for sale, sold, and distributed unauthorized copies of Symantec software (the "Unauthorized Software Product")

Symantec v. Chang: Complaint (Copyright and Trademark)         - 1 -

COPY

including at least the following product: pcAnywhere 12.1 Host and Remote, ("Symantec Software"). Additional Doe defendants – whose identities will be determined in discovery – support, assist, supervise and/or supply Defendants in these illegal activities. Symantec owns registered United States copyrights and trademarks including but not limited to the foregoing products and their associated marks, respectively.

4. Defendants' activities constitute willful copyright infringement and willful trademark infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* (the "Copyright Act.") and the Lanham Trademark Act, as amended, 15 U.S.C., § 1051, *et seq.* (the "Lanham Act"). Symantec requests an injunction, and that Defendants pay damages, costs, and attorneys' fees.

## II. Jurisdiction and Venue

5. The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and § 1338(a).

6. The events giving rise to the claims alleged herein occurred, among other places, within this judicial district. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

## III. The Parties

### A. Plaintiff Symantec and Its Products

7. Symantec is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Cupertino, California.

8. The Symantec Software is copyrightable subject matter, and Symantec owns exclusive rights under the Copyright Act to reproduce and distribute to the public copies of Symantec Software in the United States. A list of registrations including but not limited to the Symantec Software is attached hereto as Exhibit A ("Symantec's Copyrights").

9. Products manufactured and sold by Symantec bear Symantec's trademarks, including without limitation, the GHOST, GOBACK, NORTON, PCANYWHERE, and SYMANTEC trademarks (collectively "Symantec's Trademarks"). Symantec uses Symantec's Trademarks on computer software as indicia of Symantec's high quality products. Each year Symantec expends significant resources to develop and maintain the considerable goodwill it enjoys in Symantec's Trademarks and in its reputation for high quality.

10. Symantec has secured registrations for Symantec's Trademarks, all of which are valid, extant and in full force and effect. Symantec's Trademarks are exclusively owned by

Symantec. A non-exhaustive list of registrations is attached hereto as Exhibit B. Symantec, or its predecessors in interest, has continuously used each of Symantec's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

11.  As a result of advertising and sales, together with longstanding consumer acceptance, Symantec's Trademarks identify Symantec's products and authorized commercial distribution of these products. Symantec's Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. Symantec's Copyrights and Symantec's Trademarks are collectively referred to herein as "Symantec's Intellectual Properties."

**B.  Defendants**

12.  Defendant Luis Chang ("Chang") is an individual. Symantec is informed and believes that Chang is a resident of Rowland Heights, California. Chang does business under the eBay user IDs "expdepot" and "shopsmartwithbetterchoice". Other aliases or eBay user IDs will be determined in discovery. Chang, through his online identity or identities, does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places.

13.  Upon information and belief, Does 1 – 10 are either entities or individuals who are subject to the jurisdiction of this Court. Upon information and belief, Does 1 – 10 are principals, supervisory employees, or suppliers of one or other of the named defendants or other entities or individuals who are, in this judicial district, manufacturing, distributing, selling and/or offering for sale merchandise without authorization that infringes Symantec's Intellectual Properties. The identities of the various Does are unknown to Symantec at this time. The Complaint will be amended to include the names of such individuals when identified. Chang and Does 1 – 10 are collectively referred to herein as "Defendants."

**IV.  Defendants' Infringing Activities**

14.  Defendants use, among other things, the Internet auction site known as eBay to sell and distribute products, including pirated copies of software, to consumers. At any given time, there are millions of items listed on eBay for bid or purchase by its more than one hundred million (100,000,000) registered users. Buyers have the option to purchase items in an auction-style format or items can be purchased at a fixed price through a feature called Buy it Now. Through the eBay "feedback" feature, buyers and sellers may (but are not required) to post positive, neutral or negative "feedback" or comments on their purchase and sale experience. While feedback can give

some indication of sales volume, actual sales may far exceed the number of feedback entries a seller receives.

15. Among Defendants' products offered for sale and sold on eBay, and distributed to purchasers, are unauthorized copies of Symantec Software. On information and belief, Defendants or their agents made such copies. Symantec has not authorized Defendants or their agents to make or distribute copies of the Symantec Software. Indeed, Symantec has not licensed Defendants to distribute its software, period.

16. Defendants also use images confusingly similar or identical to Symantec's Trademarks, to confuse consumers and aid in the promotion of their unauthorized products. Defendants' use of Symantec's Trademarks includes importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of the Symantec Software. Defendants' use began long after Symantec's adoption and use of Symantec's Trademarks, and after Symantec obtained the copyright and trademark registrations alleged above. Neither Symantec nor any authorized agents have consented to Defendants' use of the Symantec Trademarks.

17. Defendants have, through over a thousand sales, obtained a substantial "feedback rating" through the eBay feedback system. This feedback rating, obtained essentially through Defendants' illegal activities, may further confuse consumers and aid in even wider distribution of unauthorized copies of the Symantec Software

18. Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized copies of the Symantec Software offered, sold and distributed by Defendants. By their wrongful conduct, Defendants have traded upon and diminished Symantec's goodwill.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement)**

19. Symantec repeats and realleges all of the allegations contained in paragraphs 1 through 18, inclusive, as though set forth herein in full.

20. As alleged herein, Defendants' activities infringe valid and effective copyrights registered by Symantec, and induce, cause, and materially contribute to infringement. Defendants' infringement was willful.

21. Symantec has suffered and continues to suffer direct and actual damages as a result of Defendants' infringing conduct. The full extent of such damages, including profits by

Defendants, will be determined following the accounting by Defendants pursuant to 17 U.S.C. § 504. Prior to final judgment Symantec may elect to recover statutory damages of up to $150,000 for each of Symantec's Copyrights infringed, as an alternative to actual damages and profits.

22. Symantec has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts. Unless enjoined by the Court, Defendants' infringing activity will continue, with attendant irreparable harm to Symantec. Accordingly, Symantec seeks injunctive relief pursuant to 17 U.S.C § 502 and seizure of unauthorized copies of the Symantec Software, including the means of production as provided by 17 U.S.C. § 503.

23. By reason of the foregoing, Symantec has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims. Symantec is entitled to recover its fees and costs from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

24. Symantec repeats and realleges all of the allegations contained in paragraphs 1 through 18, inclusive, as though set forth herein in full.

25. Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the unauthorized copies of the Symantec Software is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Unauthorized Software Product by Symantec. Such confusion, mistake and deception is aggravated by the use of Symantec's Trademarks on the Unauthorized Software Product in the same type of goods made, imported and sold by or under authority of Symantec.

26. Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Symantec enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the unauthorized copies of the Symantec Software was made, imported and sold by Symantec, or are in some other manner, approved or endorsed by Symantec.

27. Symantec has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Symantec will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Unauthorized Software Product as alleged herein. In the alternative, Symantec may elect to recover statutory damages pursuant to 15 U.S.C. § 1117 (c).

28. Symantec has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement. Symantec is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Symantec. Accordingly, Symantec seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

29. By reason of the foregoing, Symantec has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Symantec is entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117 (c).

## PRAYER FOR RELIEF

WHEREFORE, Symantec asks this Court to order:

A. That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1) Directly or indirectly infringing Symantec's Intellectual Properties in any manner, including generally, but not limited to, reproduction, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes said Symantec's Intellectual Properties, and, specifically:

2) Reproducing, importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Software Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Symantec's Intellectual Properties;

3) Reproducing, importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Symantec's Intellectual Properties;

4) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Symantec, are sponsored, approved or licensed by Symantec, or are in some way affiliated with Symantec;

5) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Symantec;

6) Otherwise competing unfairly with Symantec in any manner;

7) Destroying or otherwise disposing of

    a. Merchandise falsely bearing Symantec's Intellectual Properties;

    b. Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Symantec's Intellectual Properties;

    c. Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Symantec's Intellectual Properties;

    d. Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Symantec's Intellectual Properties;

    e. Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of Unauthorized Software Product;

B. That Symantec and its designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1) All Unauthorized Software Product;

2) Any other unauthorized product which reproduces, copies, counterfeits, imitates or bear any of the Symantec's Intellectual Properties, or any part thereof;

3) Any molds, screens, patterns, plates, negatives, machinery or equipment, specifically including computers, servers, optical disc burners and other hardware used for making

or manufacturing Unauthorized Software Product or unauthorized product which reproduces, copies, counterfeits, imitates or bears any of the Symantec's Intellectual Properties, or any part thereof.

    C.    That those Defendants infringing upon Symantec's Intellectual Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Symantec's election;

    D.    That actual damages be trebled pursuant to 15 U.S.C. § 1117;

    E.    That Defendants account for and pay over to Symantec all damages sustained by Symantec and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

    F.    That Symantec recovers from Defendants its costs of this action and reasonable attorneys' fees; and

    G.    That Symantec has all other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 8, 2008

J. Andrew Coombs, A Professional Corp.

By: *Nicole L. Drey*
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiff Symantec Corporation

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Symantec Corporation hereby demands a trial by jury of all issues so triable.

Dated: May 8, 2008

J. Andrew Coombs, A Professional Corp.

By: *Nicole L. Drey*
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiff Symantec Corporation

# EXHIBIT A

## Copyright Registrations

| Copyright Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| TX-4-715-125 | Ghost | Symantec Corporation |
| TX-4-715-126 | Ghost Explorer | Symantec Corporation |
| TX-4-715-127 | Ghost v. 4.0a | Symantec Corporation |
| TX-4-715-123 | Ghost 3.1a | Symantec Corporation |
| TX-4-715-124 | Ghost 5.0a | Symantec Corporation |
| TX-4-715-125 | Ghost 5.0e | Symantec Corporation |
| TX-6-361-699 | Ghost 9.0 | Symantec Corporation |
| TX-6-358-626 | Norton Ghost 10.0 | Symantec Corporation |
| TX-6-361-698 | Norton Ghost 2003 | Symantec Corporation |
| TX-4-739-697 | Norton AntiVirus v. 4.0 | Symantec Corporation |
| TX-4-832-174 | Norton AntiVirus v. 5.0 | Symantec Corporation |
| TX-4-908-397 | Norton AntiVirus v. 5.00.02 | Symantec Corporation |
| TX-5-704-654 | Norton AntiVirus | Symantec Corporation |
| TX-6-312-240 | Norton AntiVirus 2006 | Symantec Corporation |
| TX-3-343-741 | Symantec AntiVirus for Macintosh 3.0 | Symantec Corporation |
| TX-3-772-059 | Norton Utilities | Symantec Corporation |
| TX-4-396-091 | Norton Utilities for Windows 95 | Symantec Corporation |
| TX-4-421-276 | Norton utilities for Windows 95 v.2.0 | Symantec Corporation |
| TX-4-024-772 | Norton Utilities v. 7.0 | Symantec Corporation |
| TX-4-024-773 | Norton Utilities v. 8.0 | Symantec Corporation |
| TX-4-024-802 | Norton utilities Windows 95 | Symantec Corporation |
| TX-6-358-627 | pcAnywhere v.10.5 | Symantec Corporation |
| TX-6-358-628 | pcAnywhere v. 11.0 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-6-358-647 | pcAnywhere v. 12.0 | Symantec Corporation |
| TX-5-300-088 | pcAnywhere v. 9.0 | Symantec Corporation |
| TX-5-300-087 | pcAnywhere v. 9.2 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-5-382-105 | Goback v. 3.0 | Symantec Corporation |
| TX-5-382-108 | Goback RTL v. 222 | Symantec Corporation |
| TX-5-408-192 | Goback v. 3.04 | Symantec Corporation |
| TX-5-510-690 | Goback v. 3.03 | Symantec Corporation |
| TX-5-510-691 | Goback v. 3.0 | Symantec Corporation |
| TXu-1-060-557 | PartitionMagic 8.0 | Symantec Corporation |

Symantec v. Chang: Complaint (Copyright and Trademark)      - 10 -

**EXHIBIT B**

**Trademark Registrations**

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 1107115 | Ghost | Symantec Corporation |
| 2271088 | GoBack | Symantec Corporation |
| 2243057 | Live Update | Symantec Corporation |
| 1758084 | Norton AntiVirus | Symantec Corporation |
| 2488092 | Norton SystemWorks | Symantec Corporation |
| 1781148 | pcAnywhere | Symantec Corporation |
| 2205386 | Symantec | Symantec Corporation |
| 2540842 | Norton SystemWorks | Symantec Corporation |
| 1508960 | Norton Utilities | Symantec Corporation |
| 1981682 | PartitionMagic | Symantec Corporation |
| 1683688 | Symantec | Symantec Corporation |
| 1654777 | Symantec | Symantec Corporation |
| 3097024 | Symantec | Symantec Corporation |
| 3009890 | Symantec | Symantec Corporation |
| 3182978 | WinFax | Symantec Corporation |

§JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Symantec Corporation

## DEFENDANTS
Luis Chang and Does 1-10, inclusive

(b) County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

J. Andrew Coombs, A P.C.
517 E. Wilson Ave., Suite 202
Glendale, CA 91206
Telephone: (818) 500-3200

Attorneys (If Known)

ADR
C08 02431 EMC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights [X] | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Copyright Infringement §§ 101, et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    [X] SAN JOSE

DATE  5/8/08

SIGNATURE OF ATTORNEY OF RECORD
Nicole L. Drey